WILLIAM NELSON, Respondent, *v.* WILLIAM CLAY-
TON, Appellant.

1. United States Marshal Custodian of the Territorial Peni-
tentiary.—By act of Congress, approved January 10, 1871, the Peniten-
tiaries in the various Territories are placed under the control of the
United States Marshals therein, subject to the rules and regulations pre-
scribed by the Attorney General of the United States.
2. Duties of Territorial Auditor.—It is the duty of the Territorial
auditor to examine and audit all public accounts connected with the
pecuniary affairs of the Territory, and if such accounts are found correct,
to draw his warrant on the Territorial Treasurer therefor.
3. Keeping Territorial Prisoners.—It is the duty of the United
States Marshal to keep all convicts sent to the penitentiary for the viola-
tion of Territorial laws, at the cost of the Territory.

Appeal from the Third Judicial District Court.
The facts appear in the opinion of the court.

*Snow & Snow,* for appellant.
The demurrer ought to have been sustained. Whenever a
mandamus is sought against a fiscal officer of the government,
to compel payment of a public indebtedness, it must appear
from the law and the facts stated, that the indebtedness is such
an one as the officer is authorized to allow, and that it is his
duty to pay it or cause it to be paid.
There must also appear to be unexpended funds duly appro-
priated for that purpose, since the writ will not lie to compel
the performance of an act which the officer is powerless to
perform. High on Ex. Rem. 89, § 117. Citing: *Hayne* v.
*Hood,* 1 Rich. (N. S.) 16; *Dodd* v. *Miller,* 14 Ind. 433;
*People* v. *Secretary of State,* 58 Ill. 90; *Huff* v. *Kimball,*
39 Ind. 411.
We have no statute authorizing the auditor to audit or allow
any non-liquidated demand against the government. His
duties are not judicial; they are solely clerical. His warrants

can only be drawn on appropriations made by the legislative department. Utah Laws of 1878, p. 22, § 32, subd. 9; C. L. 91, § 6, (41.)

*Tilford & Hagan*, for repondent.

Only two questions present themselves on this appeal, to-wit:

*First*—Is the relator the proper custodian of the Utah penitentiary and of the Territorial convicts therein? ·

*Second*—Is it the duty of the Territory of Utah to pay the expenses of the care and subsistence of Territorial convicts?

It will not be denied that the Utah penitentiary is now and was during the years 1876 and 1877, under the care and custody of the United States marshal.

By an act of Congress, approved January 10, 1871, it is provided that all penitentiaries in the Territories shall be under the control of the United States marshals therein.  It is also further provided that the Attorney General of the United States shall prescribe all needful rules and regulations governing the same, and that Territorial convicts shall be received therein " at the cost of such Territory."  Stat. at Large, v. 16, p. 398; Rev. Stat. of U. S. p. 334.

Turning to the local legislation of Utah Territory we find that in 1860 an act was passed giving control of the penitentiaries to three directors, to be elected by the legislative assembly.   C. L. of Utah, p. 103.

The Utah legislature seems to have passed no further laws regarding the control of the prison, but in 1876 elected a warden to care for the same.

It is difficult in this connection to determine whether Utah has a warden without a penitentiary or a penitentiary without a warden, but the result is the same, for the Territorial prisoners are to be confined in the penitentiary under the control of the United States marshal, and the Territory is to pay for the expense of keeping them.

It is the duty of the Territorial auditor to examine and

audit all public accounts connected with the pecuniary affairs of the Territory. C. L. of Utah, p. 91, § 49.

The treasurer can pay money only upon drafts, or orders, countersigned by the auditor. C. L. of Utah, p. 91, § 4.

EMERSON, J., delivered the opinion of the court:

This appeal is from a judgment granting a peremptory writ of mandamus, commanding the appellant, who is auditor of public accounts for the Territory, to audit certain accounts for supplies furnished by the applicant for the subsistence and maintenance, at the Territorial penitentiary, of convicts under sentence from the various district courts of the Territory for the violation of Territorial laws.

The applicant at the time was United States marshal, and as such was, by the laws of Congress, warden and keeper of the penitentiary.

The account is for supplies furnished during the year 1877, and previous to July 25th of that year. They were necessary and were used by him for the purpose mentioned; that no part of said account has been paid.

The affidavit also states that on the 25th of July, 1877, the applicant presented said account to the appellant and demanded that he should audit the same and draw his order on the treasurer of the Territory, in favor of the applicant, for the amount found due therein; that the auditor, the appellant, did not deny the correctness of the account, but refused said demand and refused to draw said order, giving as a reason therefor that the Territory of Utah had a warden, duly elected by the legislative assembly to have control of said penitentiary, and he would not recognize the applicant as keeper of the same.

The prayer was for an alternative writ, which was granted, and on the return day thereof the appellant demurred, on the ground that the affidavit and writ did not state facts sufficient to constitute a cause of action, for that:

"*First*—There is no law authorizing said William Clayton,

as auditor of public accounts, to audit, allow or draw auditor's warrants for any such claim or demand against the Territory of Utah as is set forth in the affidavit."

"*Second*—There does not appear by the affidavit nor by the law that any appropriation has been made by the Governor and legislative assembly of the Territory of Utah, to pay any such claim against the Territory of Utah as is set forth in the affidavit."

The demurrer was overruled, and appellant elected to stand upon his demurrer. A peremptory writ was ordered, and the defendant brings this appeal.

The record shows that on the hearing of the demurrer it was conceded that the only appropriation made by the legislative assembly for penitentiary purposes is contained in item 53 of the appropriation bill approved February 18, 1876, and which is as follows: " A contingent fund, to be drawn on the order of the directors of the Utah penitentiary, to enable the warden to provide for such Territorial convicts as may be placed in his custody during the ensuing two years, $3,000."

As to the first ground of the demurrer, the law thus defines the duty of the auditor: " The auditor of public accounts shall examine and audit all public accounts connected with the pecuniary affairs of the Territory." C. L. § 49.

It is also provided that the treasurer shall pay all moneys that may come into his hands, by virtue of his office, upon drafts or orders countersigned by the auditor of public accounts. C. L. § 47.

By an act of Congress, approved January 10, 1871, and still in force, it is provided that all penitentiaries erected by the United States in the Territories, shall be under the control of the United States marshals therein, and that Territorial convicts shall be received therein " at the cost of such Territories." U. S. Rev. Stat. § 1892.

The penitentiary mentioned by the applicant in his affidavit is the only one in the Territory, and was erected by and is the property of the United States, and there can be no question

William Nelson v. William Clayton.

but what the applicant is the proper custodian and warden thereof. His account for the care and subsistence of Territorial prisoners sentenced to that penitentiary is a public account, one that the Territory ought to pay, and is connected with its financial affairs. It is the account of a public officer of necessary disbursements by him in the line of his duty in the keeping and subsistence of those whom the laws of the Territory consign to his charge. It is such a claim as should be paid by the Territory out of the Territorial treasury, and should have been audited by the appellant upon presentation, and if found correct he should have drawn his order on the treasurer for the amount, unless the point raised by his second ground of demurrer is good.

Section 1893, U. S. Revised Statutes, provides that the Attorney General of the United States shall prescribe all needful rules and regulations for the government of the penitentiary. He is the only "director" of the penitentiary whom we can recognize. This law supercedes and renders nugatory any law of the Territory which gives the supervisory power to any man or set of men. This does not affect the appropriation for this specific purpose.

The appropriation was for the very purpose for which this expense was incurred, that is, to provide for such Territorial convicts as should be placed in the custody of the warden of the penitentiary. The appropriation is found in a public act and it was not necessary to especially set it up in the affidavit.

The judgment of the District Court is affirmed.

SCHAEFFER, C. J., and BOREMAN, J., concurred.